UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 06-60050-01** |
| **VS.** | **JUDGE DOHERTY** |
| **FIDENCIO FLORES, JR.** | **MAGISTRATE JUDGE METHVIN** |

*RULING ON MOTION TO RECONSIDER BAIL PENDING TRIAL*
Rec. Doc. 57

Before the court is a Motion to Reconsider Bail filed by Fidencio Flores, Jr. (Rec. Doc. 57). The government opposes the motion.

*Background*

On August 9, 2006, Flores was charged in an indictment with possession with intent to distribute five (5) or more kilograms of cocaine, and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. §924(c)(1).

A detention hearing was held before Magistrate Judge C. Michael Hill on August 28, 2006. Testimony established the following facts for purposes of the Bail Reform Act: Flores was arrested at the Lafayette Regional Airport on August 3, 2006 while traveling as a passenger aboard an aircraft flown by the co-defendant, David Tieche. In the course of a consent search, Border Protection agents discovered 34 kilograms of cocaine packed in suitcases in the front and rear of the plane. In a small duffel bag next to one of the suitcases, agents found a .45 caliber semi-automatic Springfield Armory pistol, two fully loaded magazine clips, and hollow-point bullets. Flores identified the weapon as his, and provided agents with a Florida state concealed weapons permit. Border Patrol records showed that Flores, a U. S. citizen, had re-entered Texas from Mexico at last four times in 2004 and 2005.

2

On August 29, 2006, Magistrate Judge Hill entered an Order of Detention Pending Trial, finding that defendant was not a flight risk, but concluding that he had failed to rebut the presumption that there were no conditions of release which would reasonably assure the safety of the community.

Flores' trial date has been continued three times, twice on joint motion of the parties and once on defendant's own motion. Trial is currently set for July 7, 2008.

*Analysis*

Under the Bail Reform Act, the court may reconsider detention anytime before trial if new and material evidence becomes available:

> * * * The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. §3142(f).

Here, Flores offers no new evidence to support release on conditions. Specifically, nothing is offered which might rebut the presumption against his release. Flores states that if released, he would reside with his mother in Lantana, Florida, and would agree to electronic monitoring. However, defendant's mother previously testified at the evidentiary hearing. Judge Hill specifically concluded that he could not "craft conditions which would reasonably assure the safety of the community, even if, even if he was restricted to his residence."[1]

---

[1] Defendant's Exhibit 1 to motion, Transcript of detention hearing August 28, 2006 (unofficial), p. 47, lines 23-25.

3

Flores raises due process concerns regarding the length of his detention, which commenced in August, 2006. However, as noted, each trial continuance entered in this case was at the request of defendant, albeit the government joined two of the three requests.

While Flores is correct that prolonged pre-trial detention may become excessive so as to offend due process constraints, the applicable factors do not weigh in favor of pretrial release in this case. In <u>United States v. Hare</u>, 873 F.2d 796 (5th Cir. 1989), the Fifth Circuit stated:

> Like other circuits, we find that the due-process limit on the duration of preventive detention requires assessment on a case-by-case basis, for the clause establishes no specific limit on the length of pretrial confinement. In determining whether due process has been violated, a court must consider not only factors relevant in the initial detention decision, such as the seriousness of the charges, the strength of the government's proof that the defendant poses a risk of flight or a danger to the community, and the strength of the government's case on the merits, but also additional factors such as the length of the detention that has in fact occurred or may occur in the future, the non-speculative nature of future detention, the complexity of the case, and whether the strategy of one side or the other occasions the delay.

<u>Hare</u>, 873 F.2d at 801. *See also*, <u>United States v. Gelfuso</u>, 838 F2d 358, 359-60 (9th Cir. 1988); <u>United States v. Zannino</u>, 798 F2d 544, 547 (1st Cir. 1986). Length of detention alone is not dispositive and carries no fixed weight in the review process. <u>Zannino</u>, 796 F2d at 548-49.

Here, the undersigned concludes that the <u>Hare</u> factors weigh in favor of Flores' continued detention. Flores is charged with possession with intent to distribute five (5) or more kilograms of cocaine, and carrying a semi-automatic pistol and hollow-point bullets during and in relation to a drug trafficking crime. The charges trigger §3142(e) presumptions that no condition or combination of conditions will reasonably assure his appearance or the community's safety. The weight of the evidence is strong, as indicated during the evidentiary hearing. The government has a "nonpunitive reason for detention," and continued detention does not appear "excessive in

4

relation to the nonpunitive purpose," which is to protect the safety of individuals and the community at large.  United States v. Millan, 4 F.3d 1038, 1043 (2d Cir.1993) (quoting Kennedy v. Mendoza-Martinez, 372 U.S. 144, 169 (1963)).  Finally, defendant himself is directly responsible for most of the delays being experienced.

For the foregoing reasons, defendant's motion for bail pending trial is **DENIED.**

Signed at Lafayette, Louisiana, on December 18, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)